UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK J. GOSSETT,

                Petitioner,

   v.

JASON BENNETT,

                Respondent.

Case No. C24-5408-JLR-SKV

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

Petitioner Mark Gossett is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to a 2010 judgment and sentence of the Thurston County Superior Court. Petitioner previously filed two other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes that the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on May 28, 2024. *See* Dkt. 1. The petition relates to the judgement and sentence entered under Thurston County Superior Court case number 08-1-02102-9. Dkt. 1-1 at 1. Petitioner asserts in his petition that the trial court violated his due process rights under the Fourteenth Amendment when it failed to apply a retroactive sentencing statute, RCW 9.94A.760, to his sentence. *Id.* at 6.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner filed a petition for writ of habeas corpus under § 2254 challenging the judgment and sentence at issue here in July 2015, and the petition was dismissed on the merits on January 20, 2016. *See Gossett v. Glebe*, C15-5515-BHS, Dkts. 1, 19. In February 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the same judgment and sentence, and that petition was construed as one brought pursuant to § 2254 and was dismissed as successive on April 8, 2024. *See Gossett v. Bennett*, C24-5130-DGE, Dkts. 1, 13.

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed on the merits renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has

authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### III.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends Petitioner's federal habeas petition (Dkt. 1-1) be dismissed for lack of jurisdiction and a certificate of appealability be denied. This Court further recommends Petitioner's application to proceed *in forma pauperis* (Dkt. 1), and the two motions submitted by Petitioner in conjunction with his petition (Dkts. 1-5, 1-6), be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation must be filed with the Clerk and served upon all parties not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed

within **nine (9) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 1, 2024**.

DATED this 10th day of June, 2024.

*/s/ S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge